**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-4595**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KEITH LAMONT ELLISON,

        Defendant – Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00030-RJC-1)

—————————

Submitted: April 30, 2009        Decided: June 1, 2009

—————————

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Lamont Ellison appeals his sentence to 180 months in prison after pleading guilty to possession with intent to distribute and distribution of five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851 (2006), and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Ellison's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Ellison's plea and whether his sentence is reasonable. Ellison was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Ellison's guilty plea. Specifically, he argues that the magistrate judge failed to adequately inform Ellison regarding the nature of the charges to which he was pleading, and failed to fully inquire into the medications he was taking and his competency. Because Ellison did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the record and

2

find no plain error in the district court's acceptance of Ellison's guilty plea. The magistrate judge adequately informed Ellison concerning the nature of the charges to which he was pleading, and engaged in adequate inquiry to ensure that Ellison was competent to enter the plea. Moreover, the district court properly determined that Ellison understood the charges, the potential penalties, and the consequences of his plea, and that his guilty plea was knowingly and voluntarily entered.

Appellate counsel next questions whether Ellison's sentence is reasonable. We review a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597.

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Ellison, and his sentence is reasonable. As appellate counsel concedes, Ellison was sentenced to the mandatory minimum terms of imprisonment under the statutes of conviction. Accordingly, the district court had no discretion to impose a lower sentence,

see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and Ellison's sentence is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4